# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

In re:  JIA SPAIN,                                    No. 7-11-10112 JA

    Debtor.

ELIZABETH STACY VENCILL,

    Plaintiff,

v.                                                    Adversary No. 11-1069 J

JIA SPAIN,

    Defendant.

## <u>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DISMISSAL</u>

THIS MATTER is before the Court on the Motion for Summary Judgment and Dismissal ("Motion") filed by the Defendant, Jia Spain, by and through his attorney of record, Steve H. Mazer (Bill Gordon and Associates).  *See* Docket No. 25.  The Motion is the Defendant's third motion seeking to dismiss this adversary proceeding.  *See* Docket Nos. 7 and 17.  As part of the Court's order denying Defendant's second motion to dismiss, the Court granted Plaintiff leave to file a Second Amended Complaint to add a count that asserts an *in personam* claim against Defendant under applicable non-bankruptcy law, and granted Defendant a further opportunity to file another motion to dismiss.  *See* Order Denying Motion to Dismiss Adversary Proceeding, Without Prejudice, Granting Plaintiff Leave to File Second Amended Complaint, and Setting Response Deadlines for Any Further Motion to Dismiss – Docket No. 22.  Plaintiff filed a Second Amended Complaint on April 2, 2012.  *See* Docket No. 23.  Defendant filed the Motion

on April 12, 2012, and Plaintiff filed her response on May 3, 2012.[1]  *See* Docket Nos. 25 and 26. After consideration of the Second Amended Complaint, the Motion, Plaintiff's response, and the relevant case law, the Court finds that the Motion should be granted.

DISCUSSION

The dispute between the parties in this adversary proceeding stems from Plaintiff's representation of the Defendant in connection with dissolution of marriage proceedings in state court (the "divorce case") prior to the filing of Defendant's bankruptcy case.  An attorney fee award in the amount of $6,000 (the "Attorney Fee Award") was entered in the divorce case in favor of Defendant, based on Plaintiff's application for an award of attorney's fees.  Plaintiff asserts in her First Amended Complaint that 1) moneys paid to Defendant on account of the Attorney Fee Award are not property of the bankruptcy estate; 2) Plaintiff has a charging lien against the Attorney Fee Award that was not discharged in Defendant's bankruptcy case; 3) Plaintiff has an equitable lien against the Attorney Fee Award; and 4) Plaintiff is the third-party beneficiary of and equitable lien holder against the Attorney Fee Award, and holds an attorney charging lien against the Attorney Fee Award that rides through the Defendant's bankruptcy discharge.  Plaintiff asserts further that the Defendant's former spouse has paid the Attorney Fee Award, and that the Defendant received and spent at least a portion of the Attorney Fee Award after the filing of his bankruptcy case, thereby voluntarily converting the funds paid on the Attorney Fee Award to his own use.  *See* Second Amended Complaint, ¶¶ 9, 20, 31, 42, 45, 48. Defendant contends that Plaintiff's claims "all hinge on acceptance of the fact of a security interest in the res"; that the language in the contract between Plaintiff and Defendant providing that Plaintiff "may assert an attorney charging lien" cannot, itself, be relied upon to establish an

---

[1]Plaintiff also filed a Notice of Correction to Response to Motion for summary Judgment and Dismissal ("Correction") requesting the court to disregard paragraph 9 of her response.  *See* Docket No. 27, ¶ 5.  The Court has not considered paragraph 9 of Plaintiff's response in making this decision.

-2-

attorney charging lien; and that Plaintiff cannot prevail on an attorney charging lien theory because she has not met the requirements necessary to establish an attorney charging lien under applicable New Mexico law. *See* Motion, ¶¶ 3 and 4.[2]

A. *The Plaintiff Does Not Hold a Valid, Enforceable Charging Lien*

The Plaintiff maintains she has a valid, enforceable charging lien against the Attorney Fee Award that is outside the scope of the discharge Defendant was granted on April 26, 2011. *See* Case No. 7-11-10112 – Docket No. 13. The Court has already dismissed Plaintiff's non-dischargeability claims under 11 U.S.C. § 523(a). *See* Docket No. 12. The Court agrees that enforcement of a charging lien against property of a debtor does not violate a chapter 7 discharge.

A discharge granted to a debtor in a chapter 7 case does not discharge a creditor's lien against property of the debtor. A discharge operates as an injunction against any act to collect a "debt as a *personal liability* of the debtor." 11 U.S.C. § 524(a)(2)(emphasis added). An act to enforce a lien against *property* of the debtor does not constitute an act to collect a "debt as a personal liability of the debtor" within the meaning of § 524(a)(2); such acts constitute a proceeding *in rem*, not *in personam*, against the debtor.[3] Enforcement of an attorney charging

<hr>

[2]Defendant also asserts that this Court lacks jurisdiction over the claims raised in this adversary proceeding based on *Stern v. Marshall,* 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011). In *Stern v. Marshall,* the Supreme Court held in a 5-4 decision that the statutory grant of authority to bankruptcy judges set forth in 28 U.S.C. § 157(b)(2)(C) to hear and determine "counterclaims by the estate against persons filing claims against the estate" exceeds the limits of Article III of the Constitution where 1) the counterclaim by the estate seeks a monetary recovery from a creditor to augment the estate; 2) the counterclaim is based in tort governed wholly by state law; 3) resolution of the counterclaim is not necessary to resolve the allowance or disallowance of the claim itself; and 4) the creditor did not consent to the bankruptcy court determining the counterclaim. *Stern v. Marshall,* 131 S.Ct. at 2620. *Stern v. Marshall* did not hold that a bankruptcy court may never hear and determine state law claims. Though the Court believes that *Stern v. Marshall* has no application to this adversary proceeding, the Court need not address that issue because the Court finds that the case should be dismissed on other grounds.

[3]*See Johnson v. Home State Bank*, 501 U.S. 78, 84, 111 S.Ct. 2150, 2154, 115 L.Ed.2d 66 (1991)(explaining that "a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*— while leaving intact another—namely, an action against the debtor *in rem.*"); *In re Perma Pacific Properties*, 983 F.2d 964, 966 (10th Cir. 1992)(agreeing with the bankruptcy court's application of *Johnson v. Home State Bank* to a preferential transfer action to avoid a deed of trust, observing that the Supreme Court held in

lien against property of the debtor is an *in rem* act that does not violate the chapter 7 discharge injunction.[4]  However, while enforcement of an attorney charging lien against the Defendant's property would not violate the discharge injunction, Plaintiff does not hold a valid attorney charging lien to enforce under applicable New Mexico law.

In New Mexico, an attorney charging lien arises from the common law and principles of equity.  *Computer One, Inc. v. Grisham & Lawless, P.A.*, 144 N.M. 424, 428, 188 P.3d 1175, 1179 (2008).  The attorney charging lien is "'the right of an attorney . . . to recover his fees and money expended on behalf of his client from a fund recovered by his efforts, and also the right to have the court interfere to prevent payment by the judgment debtor to the creditor in fraud of his right to the same . . . '"  *Sowder v. Sowder*, 127 N.M. 114, 117, 977 P.2d 1034, 1037 (Ct. App. 1999)(quoting *Prichard v. Fulmer*, 22 N.M. 134, 140, 159 P. 39, 41 (1916)).

There are four required elements necessary to establish an attorney charging lien under New Mexico law:  1) "there must be a valid contract between the attorney and the client, although the contract need not be express;" 2) "there must be a judgment, or 'fund,' that resulted from the attorney's services;" 3) "the attorney must have given clear and unequivocal notice that he intends to assert a lien, and notice must be given to the 'appropriate parties'"; and 4) "the lien must be timely—notice of the lien must be given 'before the proceeds [from] the judgment have been distributed.'"  *Computer One, Inc*., 144 N.M. at 429, 188 P.3d at 1180 (quoting, *Sowder,* 127 N.M. at 117–118, 977 P.2d at 1037-1038).  "Failing to meet these requirements, an attorney may not invoke the equitable powers of the court to impose a lien, but must resort to remedies *at law,* such as a subsequent lawsuit for breach of contract long after proceeds have been

---

*Johnson* that a security interest in real property "survives a Chapter 7 discharge of the debtor's personal liability. . .").  *See also In re Waterman*, __ B.R. __, 2012 WL 872623, at *3 (D.Colo. March 13, 2012)(acknowledging that "a discharge releases a debtor from *in personam* liability").

[4]*See Hill v Anderson (In re Anderson)*, 95 B.R. 506, 508, (Bankr. S.D.Ohio 1988)(applying West Virginia law and concluding that a valid attorney charging lien survives the discharge)(citations omitted).

disbursed." *Computer One, Inc.*, 144 N.M. at 429, 188 P.3d at 1180 (citing *Sowder,* 127 N.M. at 117, 977 P.2d at 1037). Further, in New Mexico, "a charging lien is asserted against the judgment or settlement fund arising from a lawsuit, not against the client;" and must be asserted in the lawsuit in which the attorney performed the services giving rise to the lien, not in an independent lawsuit. *Computer One,* 144 N.M. at 429, 188 P.3d at 1180.

Plaintiff failed to give notice to all "appropriate parties," which would include Defendant's former spouse and her attorney, as well as the Defendant. *Thompson v. Montgomery & Andrews, P.A.,* 112 N.M. 463, 466, 816 P.2d 532, 535 (Ct.App. 1991)(stating that the "appropriate parties" would include opposing counsel and opposing counsel's client, as well as the attorney's own clients). All appropriate parties must be put on clear and unequivocal notice of the attorney's "intention to assert a lien against any judgment or recovery so that all parties concerned are aware that no voluntary payment should be made without protecting the attorney's claim of fees and costs." *Id.*

The Plaintiff also failed to give *timely* notice to the Defendant and his former spouse of Plaintiff's intent to assert an attorney charging lien, at least with respect to a portion of the funds.[5] At least some of the funds were paid pursuant to the Attorney Fee Award before Plaintiff gave notice of her intent to assert a charging lien by asserting her claim in this adversary proceeding. Plaintiff failed to give notice of her charging lien in time to prevent the judgment debtor (Defendant's former spouse) from paying the debt represented by the Attorney Fee Award. As the *Sowder* court concluded, "[i]f an attorney seeks to assert a lien, but does so only

---

[5]*See Thompson,* 112 N.M. at 467, 816 P.2d at 536 (concluding that the attorney could not "invoke the aid of the court in an independent action after the funds have been disposed of and without ever notifying the proper parties of his alleged claim."). *See also Prichard v. Fulmer,* 22 N.M. 134, 146, 159 P. 39, 43 (1916)("One who has been dilatory, and has permitted the client to collect the judgment, without objection or protest, or seeking aid from the court, cannot invoke the aid of a court of equity; nor can he ask the court, after he has permitted it [to dispose of the property] . . . to set aside its acts in the premises.").

after distribution of the proceeds of the judgment, the notice, even if given to all appropriate parties, is too late and the [attorney charging] lien is lost." *Sowder,* 127 N.M. at 118, 977 P.2d at 1038.[6]

In addition, Plaintiff did not assert her attorney charging lien in the underlying lawsuit that resulted in the Attorney Fee Award. *Cf. Computer One, Inc.,* 144 N.M. at 429, 188 P.3d at 1180 (stating that "[o]ur cases have put attorneys on notice to file the charging lien and enforce it 'in the court in which the underlying suit is filed, not in an independent action.'")(quoting *Thompson,* 112 N.M. at 467, 816 P.2d at 536). For these reasons, the Plaintiff is not entitled to enforce her claim of an attorney charging lien.

## B. *Plaintiff's Other Claims Fail*

Although an attorney charging lien is not the exclusive remedy available to an attorney seeking to recover fees from a former client[7], Plaintiff's alternative theories are unavailing in the face of Defendant's bankruptcy case and bankruptcy discharge. The Attorney Fee Award was entered before the filing of Defendant's bankruptcy case. Any claim based on an obligation under the Attorney Fee Award that arose prepetition would, therefore, constitute a pre-petition claim. "Claim" is defined under the bankruptcy code as the "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured," and also includes the "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed,

---

[6] The Court is not deciding whether, under the Bankruptcy Code, an attorney may give post-petition notice of an intent to enforce a charging lien.

[7] *See Sowder,* 127 N.M. at 118, 977 P.2d at 1038 (acknowledging that, while the plaintiff could not recover fees through an attorney charging lien, plaintiff "is free . . . to seek recovery of its fees through another method.")(citing *Northern Pueblos Enters.,* 98 NM 47, 49, 644 P.2d 1036, 1038 (1982)). *Cf. Moffat v. Branch,* 138 N.M. 224, 231-232, 118 P.3d 732, 739-740 (Ct.App. 2005)(acknowledging, in the context of applying issue preclusion principles, that other, related claims, such as third-party beneficiary claims, can be brought at the same time as a claim for an attorney charging lien).

contingent, matured, unmatured, disputed, secured or unsecured."   11 U.S.C. § 101(5)(A) and

(B).[8]   Pre-petition claims are discharged by operation of 11 U.S.C. § 727(b), which discharges

the debtor "from all debts that arose before the date of the order for relief under this chapter and

any liability on a claim . . . as if such claim had arisen before the commencement of the case"

except for debts that are non-dischargeable under 11 U.S.C. § 523(a).  11 U.S.C. § 727(b).  As

noted above, the Court has already dismissed Plaintiff's non-dischargeability claims under 11

U.S.C. § 523(a).  Thus, to the extent Plaintiff's claim is premised on the Attorney Fee Award

itself, Defendant's pre-petition obligation to pay Plaintiff from the funds he received under the

Attorney Fee Award, and Defendant's pre-petition breach of such obligation, Plaintiff's claim

constitutes a pre-petition claim that is subject to 11 U.S.C. § 727(b).  *See In re Parker,* 264 B.R.

685, 697 (10th Cir. BAP 2001)(explaining that a pre-petition claim "will exist if some pre-

petition conduct has occurred that will give rise to liability"), *aff'd,* 313 F.3d 1267 (10th Cir.

2002).

Post-petition claims fall outside the scope of the discharge. *See In re Perry,* 225 B.R. 497,

500 (Bankr.D.Colo. 1998)(stating that "Section 727(b) only discharges debts that arose before

the commencement of the case."); *Holbrook v. Country Mutual Ins. Co. (In re Burnett),* 447 B.R.

634, 646 (Bankr.W.D.Okla. 2011)("post-petition claims . . . continue to be obligations of the

debtor notwithstanding entry of the debtor's discharge and can be enforced against the assets of

the debtor notwithstanding entry of the discharge.").  Plaintiff's claim could be characterized as a

post-petition claim to the extent it is premised on Defendant's post-petition conduct in spending

---

[8]"The legislative history supporting the definition of 'claim' indicates that the 'broadest possible definition' was
intended by Congress so that 'all legal obligations of the debtor, no matter how remote or contingent, will be able to
be dealt with in the bankruptcy case' and 'the broadest possible relief' will be afforded a debtor."  *In re Grynberg,*
113 B.R. 709, 711 (Bankr.D.Colo. 1990), *aff'd,* 143 B.R. 574 (D.Colo. 1990), *aff'd,* 966 F.2d 570 (10th Cir.
1992)(quoting  H.R. 595, 95th Cong., 1st Sess., 309 (1977), *reprinted in* 1978 U.S.Code Cong. and Admin.News
5963, 6266; S.Rep. No. 989, 95th Cong., 2d Sess., 21–22 (1978), *reprinted in* 1978 U.S.Code Cong. and
Admin.News 5787, 5807–08).

the funds after having been put on notice of Plaintiff's asserted claim. *See In re Parker,* 313 F.3d 1267, 1269 (10th Cir. 2002)(adopting the "conduct theory," which "determines the date of the claim by the date of the conduct giving rise to the claim" to establish whether a claim is a pre- or post- petition claim). But since the Plaintiff did not have a lien or other interest in the funds Defendant spent, Defendant's post-petition expenditure of such funds does not result in an actionable claim against Defendant.

Similarly, Plaintiff's request for imposition of a constructive trust based on her assertion that Defendant wrongfully converted the Attorney Fee Award to his own use fails because Plaintiff has not established that she had an interest in the Attorney Fee Award. A constructive trust is an equitable remedy that, under New Mexico law, "'arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it.'" *Bassett v. Bassett,* 110 N.M. 559, 566, 798 P.2d 160, 167 (1990)(quoting 5 Scott & Fratcher, *The Law of Trusts* § 462 (4th Ed. 1989)).[9] The Attorney Fee Award was entered in the divorce case in favor of Defendant, not Plaintiff, and, as explained above, Plaintiff failed to properly assert a lien against the Attorney Fee Award. Consequently, imposition of a constructive trust is not appropriate.

Plaintiff also asserts she is a third party beneficiary of the Attorney Fee Award. The Court need not decide whether Plaintiff is, in fact, a third party beneficiary of the Attorney Fee Award. Even if she were, it would only give her a right to enforce the Defendant's former spouse's obligation to perform her obligations under the Award, which she already has done.

---

[9]*See also Butt v. Bank of America, N.A.,* 477 F.3d 1171, 1185 (10th Cir. 2007)("Under New Mexico law, '[a] constructive trust . . . is imposed to prevent the unjust enrichment that would result if the person having the property were permitted to retain it. The circumstances where a court might impose such a trust are varied. They may involve fraud, constructive fraud, duress, undue influence, breach of a fiduciary duty, or similar wrongful conduct.'")(quoting *Aragon v. Rio Costilla Co-op. Livestock Ass'n,* 112 N.M. 152, 156, 812 P.2d 1300, 1304 (1991)).

Plaintiff next argues that she has an equitable lien against the funds paid to Defendant on the Attorney Fee Award separate from her claim on an attorney charging lien. Plaintiff has not cited any authority in support of this claim; nor is the Court aware of any such authority. Therefore, the Court rejects the claim. Finally, Plaintiff's contention that the Attorney Fee Award constitutes an *in rem* award that was not property of the bankruptcy estate fails because Plaintiff has not established that she holds a valid lien against the funds awarded under the Attorney Fee Award.

WHEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED. The Second Amended Complaint is dismissed with prejudice.

ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: May 24, 2012

COPY TO:

**Elizabeth Stacy Vencill**
Elizabeth Stacy Vencill Law Office
301 Gold Ave SW Ste 105
Albuquerque, NM 87102

**William P Gordon**
**Steve H. Mazer**
Attorneys for Defendant
2501 Yale Blvd SE Ste 204
Albuquerque, NM 87106-4357